AVALO, APPELLANT, *v.* PORRATA ET AL., RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 881.—Decided January 22, 1913.

LIS PENDENS ATTACHMENT—ATTACHMENT WITHOUT BOND.—In order that an attachment to secure the effectiveness of a judgment may be decreed without bond, it is necessary that it clearly appear from an authentic document that the obligation may be legally enforced, which means that not only must the document on which the petition is based be authentic, but that the judge may determine easily whether the obligation exists and is enforceable.

ID.—ATTACHMENT WITHOUT BOND.—The documents presented do not fulfil the requirements set forth in the foregoing paragraph.

The facts are stated in the opinion.

*Messrs. José R. F. Savage* and *H. H. Scoville* for appellant.

*Messrs. José A. Poventud* and *Horacio S. Belaval* for respondents.

*Mr. José de Guzmán Benítez* for Clotilde Veve.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal by José Avalo Sánchez from an order of the District Court of San Juan, Section 1, entered on November 27, 1911, vacating a *lis pendens* attachment which had been allowed without security by a previous order in a suit for the collection of money brought by the appellant against María Joaquina Porrata Doria *et al.* as the heirs of María Díaz, widow of Veve.

Together with his complaint the appellant filed a motion

for an attachment without security to secure the effectiveness of the judgment, relying upon the merits of the documents accompanying the motion. The question to be decided in this appeal is, therefore, whether the appellant and plaintiff has a right, as he alleges, to an attachment without security against the property of the defendant to secure the effectiveness of the judgment.

According to the Act to secure the effectiveness of judgments, approved March 1, 1902, (section 369 of the Revised Statutes), every person who shall bring an action for the fulfilment of any obligation may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness of the judgment, as the case may require, should it be rendered in his favor; and section 372 provides that if it be clearly shown by means of any authentic document that the fulfilment of the obligation may be legally enforced, the court shall decree the remedy without bond. Therefore in order that the remedy may be decreed without bond it is necessary that it be clearly shown by means of an authentic document that the fulfilment of the obligation may be legally enforced, hence the question for us to determine is whether the documents filed by the plaintiff with his motion for an attachment to secure the effectiveness of the judgment complies with said requirements.

The plaintiff, in order to secure an order for the attachment without security, filed seven documents in the court below, the first being a certificate dated May 7, 1898, issued by Germán Jiménez Pasala, secretary of the second section of the *Audiencia Territorial,* relating to certain proceedings in criminal case No. 175, prosecuted in the *Juzgado de Instrucción* of Humacao against Juan Vaamonde López and others for the larceny of sugar-cane and other goods. The certificate contains a document presented in that case on June 18, 1893, by Juan Vaamonde López as attorney in fact of María Díaz y Siaca, widow of Veve, and Miguel Correa y Lasala, trustee of the estate of José Avalo Sánchez in

bankruptcy. This document sets forth ·in substance that as a result of Vaamonde's having been put in possession of the estate Bello Sitio and its appurtenances in the name of his principal by a judicial sale made to her in certain proceedings prosecuted against the bankrupt, Avalo Sánchez, there arose certain difficulties among the parties, which difficulties were adjusted later by a contract which is alleged to be inserted literally· in the document mentioned. By this contract Vaamonde as said attorney in fact and Correa as said trustee agreed that the former would return to the latter several acres of land, the description of which was given, that he would bring no action for 17 *cuerdas* lacking in the plantation Bello Sitio, and that besides that he would pay the value of a certain amount of cane and certain damages according to an appraisement to be made thereof by the experts, Eduardo and Domingo Rivera Siaca. The second party agreed on his part not to lodge any complaint against Vaamonde while he was such trustee so as to avoid his being prosecuted,¹ and they also agreed that in case the experts selected should refuse to act they would submit themselves absolutely to the decision of such persons as the court might designate. Said document states further that said parties had agreed to extend the time for the payment of the value of the cane until the widow of Veve should be put in permanent possession of the plantation Bello Sitio by express order of the judge or court having competent jurisdiction so that she should not be molested by anything which might result from the bankruptcy proceedings against Avalo Sánchez, and that said extension was granted by Correa on the condition that interest should be paid on the principal at the rate of 1½ per cent per month, but that new complications having arisen concerning the cane then growing on the plantation Bello Sitio which the widow of Veve had bought at public auction they were appraised by Juan Lavaggi and Benigno de Santiago, experts appointed by the court. Said appraisement was concluded and amplified to include two suc-

cessive crops and for that reason the parties made a new agreement to the effect that the value of the 200 *cuerdas* of cane planted by Arrusa on said Bello Sitio plantation should be paid by the widow of Veve to José Avalo Sánchez two years after the expiration of the time allowed for the payment of the value of the land hereinbefore mentioned plus interest at 6 per cent per annum, and that if for any reason the widow of Veve should fail to make the payment in due time she should then pay, from that day on, interest at the rate of one per cent per month on the $33,000 and the interest then due which would be the total amount of the debt at that time.

The same certificate shows that said document was approved by Vaamonde and Miguel Correa on the same day it was filed.

The second document is a certificate issued by José E. Figueras, secretary of the District Court of San Juan, dated January 7, 1905, from which it appears in the part transcribed in the statement of the case (but without showing what proceedings are referred to, for it states that "from the second part of the record of the said criminal case" and does not state what case) that the experts, Eduardo and Domingo Rivera, presented a report on March 14, 1893, concerning the number of *cuerdas* of cane which José Avalo Sánchez had growing since 1890 on the estate purchased by him from Andrés Avelino Saurí, specifying the names by which several tracts of land were known and fixing the total appraisement on the cane together with some fertilizer at $35,800. In the same certificate it is stated that the expert carpenters, Manuel Brito and Concepción Mercado, appraised the damages caused to the buildings on the said estate at the sum of $4,200.

Document No. 3 is a certificate issued by Luis Méndez Vaz, secretary of the District Court of San Juan, dated December 17, 1904, referring to certain pages of the record of criminal case No. 179 of the court of Humacao against

Juan Vaamonde and others for the theft of cane, and also to certain pages of the first part of the record of the declaratory action of greater import brought by José Avalo Sánchez against María Díaz, widow of Veve, for the cancellation of a mortgage and the recovery of the plantation Bello Sitio, wherein it is stated briefly that José Palacios, procurator of the widow of Veve, appeared in the proceedings of said case with a motion to explain certain points raised by the procurator of Miguel Correa, trustee of the estate of Avalo Sánchez, in a motion presented by the latter to the court. Procurator Palacios stated in his motion that on October 30, 1891, the widow of Veve was put in possession of the plantation Bello Sitio; that due to an involuntary error Vaamonde, the attorney in fact of the widow of Veve, took possession also of four other parcels of land located in the center of the said estate together with several buildings and patches of cane which were not included in the sale made to said widow of Veve; that Miguel Correa, trustee of the estate of Avalo Sánchez, filed charges in the court against Vaamonde for this act and the court ordered that proceedings be instituted; that the error having been explained by the interested parties instructions were given by the widow of Veve to her attorney in fact to return said lands to Correa, she agreeing to pay for the value of the cane and the other property already disposed of upon the compliance by Correa with certain conditions thought by her to be necessary for the protection of her interests, which conditions were set forth in certain documents and testimony forming part of the record; that notwithstanding this fact the trustee attempted to resign his position and leave the Island, taking with him some thousands of dollars of María Díaz's money, and that upon her having refused to deliver said money to him said Correa filed in the court a motion full of scandalous allegations; that Correa should not doubt that from the moment when the widow of Veve agreed to pay for the damages caused by her agent, Vaamonde, the latter's action was

simply an error and that as his principal, María Díaz, widow of Veve, has lived up to her agreement to reimburse Correa for the value of the cane and other property taken by her agent, as agreed between them, she ratifies said agreement. This certificate also contains a motion by Correa dated May 22, 1893, in which reference is made to the contract of June 27, 1892, with the attorney in fact of the widow of Veve and to his having made a claim for the payment of the amount agreed upon, which payment was refused on the ground that it was not due until after the termination of the criminal action in question and until after the plantation Bello Sitio should be excluded from the bankrupt estate, and stating further that the trustee, in his desire to avoid new complications, had agreed with the debtor in the presence of Vaamonde and Ramón Ortiz that the contract be modified as to the payment in the manner requested by her on the condition that she bind herself to pay both the principal and interest thereon at 6 per cent per annum from January 1, 1892. The motion recites further that the agreement was that on the day on which the criminal action should terminate and the widow of Veve should be put in possession of the plantation Bello Sitio by an express order of a competent judge or court, but not otherwise, the widow of Veve would pay the value of the cane and other things according to the appraisement already made and that she would make said payment on the last day of the month in which she should be given possession of the plantation in this manner even though the criminal action should not then be terminated. For that reason the motion concluded with the prayer that the widow of Veve be cited to appear and ratify the contract or agreement for the payment of the value of the cane and other things according to the aforesaid appraisement. On May 22, 1893, Miguel Correa, after being duly sworn, ratified the aforesaid contract and on May 25, 1893, the widow of Veve did likewise in the same manner. On the same day

Juan Vaamonde and Ramón Ortiz testified that they had witnessed the execution of the contract.

The other item referred to in the certificate with reference to the declaratory action is a note signed by Sánchez and addressed to a certain Andreu in which he asks whether Andreu agrees to the weight of 56 hogsheads of sugar and the contents in gallons of 22 casks of molasses, the reply given by Andreu to Sánchez on that same day being that he could not give the information asked for until he had examined the hogsheads. It also contains a declaration made on November 11, 1891, by María Díaz, widow of Veve, before the acting Municipal Judge of Fajardo with reference to certain promissory notes.

Document No. 4 is a certified copy of the decision rendered by this court granting an application for a writ of *certiorari* filed in connection with the bankruptcy proceedings of José Avalo Sánchez against the estate of María Díaz, widow of Veve, dissolving the attachment on the property decreed in said bankruptcy proceedings and directing that said property be placed at the disposal of Avalo Sánchez with the exception of the plantation Bello Sitio.

Document No. 5 is a certified copy of the application for the writ of *certiorari* presented to this court by the estate of María Díaz, widow of Veve, upon which the foregoing decision was rendered.

Documents Nos. 6 and 7 are the will of the widow of Veve and a judicial declaration of heirs of some of her descendants.

In discussing the objections raised by some of the defendants to the order granting the attachment without security the plaintiff filed two other documents, the first being a certified copy of certain actions taken in the bankruptcy proceedings against José Avalo Sánchez and referring to a document filed therein wherein Miguel Correa, trustee of the bankruptcy estate, made a statement to the effect that he had duly reported to the court the difficulties encountered by him in the management of the estate entrusted to him and the arrange-

ment made with the widow of Veve in regard thereto by virtue of which a contract was entered into on June 27, 1892, wherein it was agreed that the cane taken by Juan Vaamonde would be paid for as soon as its value should be fixed, for which purpose experts were appointed; that the time having arrived for the payment to be made—said payment to be made to the court—the creditor asked for an extension of time, which was granted on condition that he should pay interest at the legal rate; that later all the agreements made were ratified in due form in the course of the criminal action, the only thing left pending settlement being the cane which the widow of Veve took from the plantation Bello Sitio; that the appraisement thereof having been made by experts appointed by the court then everything was arranged properly by means of an agreement ratified before the court and a stipulation was made to the effect that the value of said cane should be paid by the widow of Veve plus the interest two years after the term fixed for the payment of the prior debt had elapsed—that is to say, the time in which payment should be made for the cane, buildings, and other properties taken from the Sauri estate; that inasmuch as in his opinion all these particulars should be set forth in the record he attached certified statements thereof. On July 29, 1893, the court rendered a decision to the effect that all the acts and contracts performed up to that date by the trustee Correa and María Díaz were held to have been duly carried out and approved.

The other document is a notarial copy of a power of attorney executed on July 9, 1884, by María Díaz in favor of Juan Vaamonde López.

We have made only a brief extract of these documents because we consider it sufficient for the purpose of deciding the only question now submitted to us for consideration, to wit, whether the court below proceeded correctly in its decision of November 27, 1911, setting aside its previous order of May 11, 1911, decreeing the attachment without security.

The parties to this appeal, but especially the defendants,

have raised innumerable questions which we need not consider at this moment, principally because they have reference to such matters as must be decided by the final judgment to be rendered in the case, and inasmuch as the question concerning the attachment to secure the effectiveness of the judgment is all we have before us, that is the only point to be determined.

As we have already stated, in order that an attachment to secure the effectiveness of a judgment may be decreed without security it is necessary that it be shown clearly by means of an authentic document that the fulfilment of the obligation may be legally enforced, which means not only that the documents on which the petition is based be authentic, but also that the judge may conclude easily and without great difficulty as to whether the obligation really exists and is enforceable.

In the case at bar, the character. of the documents filed, the contents thereof, and the facts therein set forth, show that they do not conform to the provision of the law which provides that the existence of the obligation and that it is legally enforceable shall appear clearly from an authentic document, for in order to arrive at that conclusion it would be necessary for the judge to reconcile with one another the different acts set forth in said documents and their dates as well as the value and scope of the certificates mentioned, a proper labor in the determination of the action for final judgment, but not so in deciding a petition for a decree to secure the effectiveness of a judgment.

In view of the fact that the obligation sought to be enforced is not clearly shown at a glance by means of the documents filed by the plaintiff the court below did not err in its decision and the same must be affirmed. This does not mean to say that the petitioner has not the right to a final judgment in his favor.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.